**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                v.                        5:05-CR-428
                                                       (FJS)

**WILLIE BLAND,**

                       **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James Hanley Federal Building<br>and Courthouse<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198<br>Attorneys for the United States | **CARL G. EURENIUS, AUSA** |
| **OFFICE OF THE FEDERAL PUBLIC DEFENDER**<br>The Clinton Exchange, 3rd Floor<br>4 Clinton Square<br>Syracuse, New York 13202<br>Attorneys for Defendant | **LISA A. PEEBLES, AFPD** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On April 21, 2006, pursuant to an Agreement between the parties, Defendant entered a plea of guilty to Counts 1 and 3 of the Indictment, charging him, respectively, with the felony offenses of conspiracy to distribute and possess with intent to distribute more than five grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and possession of

a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). At the sentencing, the Court found that Defendant's total offense level was 23 and his criminal history category was III, resulting in a presumptive United States Guidelines range of 57 to 81 months incarceration. However, Defendant was subject to a mandatory minimum sentence of 60 months on Count 1 and 60 months on Count 3, consecutive to Count 1. The Government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 based on Defendant's substantial assistance. The Court granted the motion and, on October 17, 2006, sentenced Defendant to 31 months incarceration on each count, the sentences to run consecutively to one another, for a total term of imprisonment of 62 months.

Currently before the Court is Defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. *See* U.S.S.G. § 2D1.1(c). The Government opposes the motion on the grounds that Defendant is not eligible for a reduced sentence (1) because his guidelines imprisonment range was set by the statutory minimum penalty, which Amendment 706 did not change and (2) because his guidelines sentence imprisonment range was the result of a sentence for two drugs – cocaine base (crack) and powder cocaine – and, under Amendment 706, his guidelines sentence is the same as it was prior to the application of Amendment 706.

## II. DISCUSSION

The statute that provides authority for a court to resentence a defendant under these circumstances is 18 U.S.C. § 3582(c)(2), which provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, ***if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission***.

18 U.S.C. § 3582(c)(2) (emphasis added).

The applicable policy statement that the Sentencing Commission issued is U.S.S.G. § 1B1.10, "Reduction in Term of Imprisonment as a Result of Amendment Guideline Range (Policy Statement)," which provides in pertinent part as follows:

> (a) *Authority*. --
>
> \* \* \* \* \* \* \* \* \*
>
> (2) *Exclusions*. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if –
>
> \* \* \* \* \* \* \* \* \*
>
> (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) *Limitation*. – Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10(a)(2)-(3).

In a case such as this one, where the statutorily required minimum sentence is greater than the bottom of the applicable guidelines range, U.S.S.G. § 5G1.1(c) provides that the court may impose a "sentence . . . at any point within the applicable guideline range, provided that the

sentence – (1) is not greater than the statutorily authorized maximum sentence, and (2) *is not less than any statutorily required minimum sentence*." U.S.S.G. § 5G1.1(c) (emphasis added).

In this case, the retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence, not the statutory sentence, does not help Defendant. The Guidelines sentence – either before or after application of the crack cocaine sentencing amendment – still cannot be less than the "statutorily required minimum sentence," which in this case is 60 months, which is the guidelines sentence that the Court would have imposed if it had not granted the Government's motion for a downward departure. Since the retroactive crack sentencing amendment would *not* change the Guidelines sentence, the exclusion set forth in U.S.S.G. § 1B1.10(a)(2)(B) applies. *See Johnson*, 2008 WL 516518, at *4. Therefore, "[a] reduction in the defendant's term of imprisonment is not consistent with [the applicable] policy statement *and therefore is not authorized under 18 U.S.C. § 3582(c)(2)*." U.S.S.G. § 1B1.10(a)(2) (emphasis added); *Johnson*, 2008 WL 516518, at *4.

Moreover, although the statutory mandatory minimum was excused in this case because of the Government's motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the ultimate sentence was not a Guidelines sentence but rather a statutory sentence that 18 U.S.C. § 3553(e) authorized. *See* 18 U.S.C. § 3553(e).[1] Although the sentence "shall be imposed *in accordance with* the guidelines and policy statements issued by the Sentencing Commission," *id.* (emphasis added), the Guidelines sentence is set at the statutory mandatory minimum by operation of

---

[1] Section 3553(e) of Title 18 of the United States Code provides that, "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e).

U.S.S.G. § 5G1.1(b).  *See United States v. Richardson*, No. 05-2007-cr, 2008 WL 398969, *9 (2d Cir. Feb. 15, 2008) (in such circumstances, "***the Guidelines sentence*** ends up as the ***statutory minimum***." (citation omitted)).  Therefore, even in these circumstances, the retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence, is no help to Defendant.

Furthermore, as the Second Circuit recently stated,

> [w]hen . . . the Guidelines sentence ends up as the statutory minimum, ***any reduction may be based only on substantial assistance to the government and on no other mitigating considerations.***  *See* 18 U.S.C. § 3553(e) (providing "defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense" as singular ground for departing below statutory minimum); *see also United States v. Desselle*, 450 F.3d 179, 182 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 1148 (Jan. 22, 2007) ("We . . . join the majority of circuits in holding that the extent of a . . . § 3553(e) departure must be based solely on assistance-related concerns."); *United States v. Williams*, 474 F.3d 1130, 1130-31 (8th Cir. 2007) ("Where a court has authority to sentence below a statutory minimum only by virtue of a government motion under § 3553(e), the reduction below the statutory minimum must be based exclusively on assistance-related considerations."); *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003) ("[I]n fixing a substantial assistance departure . . . [t]he district court may not, however, consider factors unrelated to the defendant's assistance.").

*Richardson*, 2008 WL 398969, at *9 (emphasis added); *see also Johnson*, 2008 WL 516518, at *3 ("In reducing a sentence below the statutory minimum under 18 U.S.C. § 3553(e) for a defendant's substantial assistance, a court may only consider factors related to that assistance and may not use the factors in 18 U.S.C. § 3553(a) to decrease the sentence further." (citations omitted)).

Therefore, because the Court already fully considered Defendant's cooperation in setting his sentence and because the Court is limited to considering ***only*** Defendant's cooperation in moving below the statutory mandatory minimum, for all practical purposes, the crack cocaine

-5-

sentencing amendment is superfluous.  *See United States v. Veale*, No. 03-CR-167, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008).

Alternatively, the Court finds that, applying Amendment 706 to calculate Defendant's sentence does not alter his guidelines range.  The Court determined Defendant's original base offense level by converting the 18.1 grams of crack cocaine to 362 kilograms of marijuana (1 gram of cocaine base = 20 kilograms of marijuana) and 3.9 grams of cocaine powder to .78 kilograms of marijuana for a total of 362.78 kilograms of marijuana.  Based upon U.S.S.G. § 2D1.1(c)'s drug quantity tables, this amount of marijuana resulted in a base offense level of 26, which applied to 100 to 400 kilograms of marijuana.  If the Court applies Amendment 706 in determining Defendant's guidelines level, the Court begins with the new base offense level for the crack cocaine of 24.  When the Court uses the equivalency table and multiplies the 18.1 grams of crack cocaine by 16 (1 gram of crack cocaine = 16 kilograms of marijuana), the result is 289.6 kilograms of marijuana.  The 3.9 grams of powder cocaine converts to .78 kilograms of marijuana, as it did before Amendment 706, which results in a total of 290.38 kilograms of marijuana.  Based upon U.S.S.G. § 2D1.1(c)'s drug quantity tables, this amount of marijuana still results in a base offense level of 26, which, as noted, applies to 100 to 400 kilograms of marijuana.  Therefore, in these circumstances, the retroactive crack cocaine sentencing amendment is no help to Defendant.[2]

---

[2] Defendant acknowledges that the United States Probation Office has designated him as ineligible for a reduced sentence because, under the amended conversion table, his marijuana equivalency did not alter this total offense level.  *See* Defendant's Motion at 1.  However, Defendant argues that the United State Probation Office based its calculation on an anomaly that the new, inaccurate and miscalculated conversion table of U.S.S.G. § 2D1.1, Application Note 10(D) produced.  *See id.*  Furthermore, Defendant asserts that, if the United States Probation
(continued...)

### III. CONCLUSION

Accordingly, after carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 in light of Amendment 706 to the Guidelines is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 3, 2008
      Syracuse, New York

                                               _____
                                               Frederick J. Scullin, Jr.
                                               Senior United States District Court Judge

---

²(...continued)
Office had used an accurate and consistent conversion method, Defendant's amended guideline range would render him eligible for a reduced sentence. *See id.* Defendant notes that the United States District Court for the Eastern District of New York recognized this anomaly in *United States v. Watkins*, 2008 WL 152901 (E.D.N.Y. Jan. 14, 2008). *Watkins* is distinguishable from this case, however, because it did not involve the retroactive application of Amendment 706. Rather, in *Watkins*, the court had not sentenced the defendant at the time that Amendment 706 took effect. After recognizing the anomaly, the district court decided to downward depart from the guidelines range to account for the anomaly rather than impose a non-guidelines sentence.

In this case, Defendant is asking the Court to reduce his sentence based upon Amendment 706 under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. One of the limitations of the policy statement contained in U.S.S.G. § 1B1.10 is that "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). Thus, the Court cannot, at this point in the process, decide that it should "downward depart" from the applicable guidelines range or that it should impose a non-guidelines sentence. Rather, all that the Court has the authority to do is determine whether Amendment 706 affects Defendants' guidelines range. Having found that "the retroactive crack cocaine sentencing amendment is not applicable (for the reasons discussed), 18 U.S.C. § 3582(c)(2) does not apply . . . ." *Veale*, 2008 WL 619176, at *3. Therefore, the Court concludes that there is no basis for the Court to revisit Defendant's sentence. *See id.*