**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                v.                                                    5:05-CR-428
                                                                              (FJS)

**WILLIE BLAND,**

                          **Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James Hanley U.S. Courthouse<br>& Federal Building<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198<br>Attorneys for the United States | **CARL G. EURENIUS, AUSA** |
| **OFFICE OF THE FEDERAL PUBLIC DEFENDER**<br>4 Clinton Exchange, 3rd Floor<br>Syracuse, New York 13202<br>Attorneys for Defendant | **LISA A. PEEBLES, AFPD** |

**SCULLIN, Senior Judge**

## ORDER

On April 21, 2006, pursuant to an Agreement between the parties, Defendant entered a plea of guilty to Counts 1 and 3 of the Indictment, charging him, respectively, with the felony offenses of conspiracy to distribute and possess with intent to distribute more than five grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). At the

sentencing, the Court found that Defendant's total offense level was 23 and his criminal history category was III, resulting in a presumptive United States Guidelines range of 57 to 71 months incarceration for Count 1.  However, Defendant was subject to a mandatory minimum sentence of 60 months on Count 1, as well as a statutory mandatory minimum sentence of 60 months on Count 3, to run consecutively to the term of imprisonment for Count 1.  The Government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 based on Defendant's substantial assistance.  The Court granted the motion and, on October 17, 2006, sentenced Defendant to 31 months incarceration on each count, the sentences to run consecutively to one another, for a total term of imprisonment of 62 months.

Subsequently Defendant moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses.[1]  *See* U.S.S.G. § 2D1.1(c).  The Government opposed the motion on the grounds that Defendant was not eligible for a reduced sentence (1) because his guidelines imprisonment range was set by the statutory minimum penalty, which Amendment 706 did not change, and (2) because his guidelines sentence imprisonment range was the result of a sentence for two drugs – cocaine base (crack) and powder cocaine – and, under Amendment 706, his guidelines sentence was the same as it was prior to the application of Amendment 706.  On April 7, 2008, the Court denied Defendant's motion.  *See* Dkt. No. 60.

Currently before the Court is Defendant's second motion to reduce his sentence in light of

---

[1] This Amendment applies only to the drug offense charged in Count 1.

the same amendment to the Sentencing Guidelines.  *See* Dkt. No. 66.  Defendant also relies on the Second Circuit's recent decision in *United States v. Williams*, 551 F.3d 182 (2d Cir. 2009), to support his motion.  *See id.*  The Government opposes the motion on the ground that "there is no authority for a sentence reduction in this case because [D]efendant's sentence was not 'based on' the old crack cocaine Guidelines as required by 18 U.S.C. § 3582(c)(2)."  *See* Dkt. No. 70 at 1.

In this case, the Court began its determination of Defendant's sentence for Count 1with the statutory mandatory minimum of sixty months' imprisonment.[2]  Moreover, pursuant to its authority under § 3553(e), the Court imposed a sentence below that statutory mandatory minimum based solely on the Government's motion pursuant to U.S.S.G. § 5K1.1.  Thus, the ultimate sentence that the Court imposed was not a Guidelines sentence but rather a statutory sentence that 18 U.S.C. § 3553(e) authorized.  Therefore, because the Court already fully considered Defendant's cooperation in setting his sentence and because the Court is limited to considering *only* Defendant's cooperation in moving below the statutory mandatory minimum, for all practical purposes, the crack cocaine sentencing amendment is superfluous.  *See United States v. Veale*, No. 03-CR-167, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008).

Accordingly, after carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

---

[2] In other words, the Court did not take the Guidelines sentencing range into consideration in determining Defendant's sentence.

**ORDERS** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 in light of Amendment 706 to the Guidelines is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 8, 2009
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge